## Thomas *v.* Marsh.

Where a note payable at a bank is held by the bank itself, no formal demand of payment is necessary during banking hours. The maker, having promised to make payment at the bank, it is his duty to be there within the usual banking hours. After these hours, it is time enough to deliver the note for protest.

Where the cashier of a bank, which is the holder of a note, delivers it to a notary for the purpose of being protested, it is not necessary that the notary should state in his protest, that he exhibited the note to the cashier at the time of demanding payment. The object of presentment and exhibition being that the debtor may know that he is paying to a party entitled to receive, and that the note is ready to be delivered to him on payment, the exhibition would be unnecessary in such a case, the cashier having himself handed the note to the notary.

The declaration of an endorser that he had received notice of the protest of the note, and that it would be necessary to make arrangements to pay it, unaccompanied with any complaint as to informality, will be taken as to an admission of his liability founded upon seasonable notice.

A notice of protest received through an irregular channel, if it reach the party as soon as he could have received it by the regular mode of transmission, is binding.

APPEAL from the District Court of St. Martin, *Boyce,* J. The facts of this case are stated in the opinion of the court, *infra.* The defendant appealed from the judgment below, which was against him.

*T. H. Lewis,* for the plaintiff. No specific form of words is required in making a demand of payment of a note, but any phrase used which shows, *substantially,* a call for payment of the notes, is sufficient. 5 Mart. N. S. 513. 6 La. 730. 16 La. 311. 4 Ib. 462. Chitty on Bills, Springfield edition of 1836, pp. 421, 422. The cashier of the bank, being the holder of these notes, and no person appearing at the bank to pay them, during banking hours, on the days they were payable, and there being no funds of the drawers in bank to pay them, and he having no right to protest them until the banking hours had elapsed, no formal demand of payment was necessary. 3 Kent's Com. 97, 98. 11 Wheat. Rep. 176. 2 Peter's Rep. 549. 2 H. Black. R. 510, 11. Demand, at the place of payment, on the day of maturity, after banking hours, is sufficient—at all events, it is good against the drawer of notes. 3 Mart. N. S. 428 to 431. Chitty on Bills, 424.

The testimony of *John F. Miller, taken without objection,* shows that *Marsh* actually received notice of these protests, and promised to pay the notes. *Foreman* v. *Wikoff,* 16 La. p. 23.

*W. L. Brent* and *Magill,* for the appellant. There was no sufficient presentment or demand of payment, nor proof that the notary had the notes with him at the time of the alleged demand. 3 Mart. N. S. 427. 12 La. 472. 13 La. 343. 15 La. 244, 312. 10 Rob. 498. 3 Kent's Com. 95, note *a.* 6 Eng. Com. Law Rep. 53. Presentment and demand should have been made during the business hours of the bank. 3 Kent's Com. ed. 1832, p. 102. Petersdorf, Sup. 194. 7 East. 385. 13 Ib. 469. 14 Ib. 504. 1 Maule & Selwyn, 28. 6 Esp. 17 Eng. Com. Law, 141. 15 La. 223. 10 Rob. 470. As to the insufficiency of the direction of the notices, see 16 La. 20, 310. 3. Rob. 164. 11 Rob. 492. There is no proof that the defendant was aware of his discharge, at the time of his declaration that it was necessary to make arrangements for the payment of the notes; without such evidence, he cannot be bound. 8 Mart. 148. 4 Ib. N. S. 125. 5 Ib. N. S. 360. 2 La. 318. 11 La. 17. 12 La. 465, 468. 13 La. 421, 431. 16 La. 315, 318. 1 Rob. 572. 2 Rob. 158. 10 Rob. 40, 62. Story on Bills, 320. 2 Kent's Com. 113.

The judgment of the court was pronounced by

Slidell, J. All the notes upon which this suit is brought were payable at the office of discount and deposit of the *Union Bank of Louisiana,* at St. Martinsville. Two of them were drawn, the other two endorsed, by the defendant.

We will first consider the defence set up against the claim upon the notes, of which the defendant was maker. It is that there was no presentment or demand of the notes at the place of payment specified in them; and that, if such demand or presentment was made, it was not until the bank was closed, and that it should have been made during the business hours of the bank. The testimony consists of the statements of the cashier, who was examined as a witness in the cause, and of the notarial certificates of protest. By the former it appears that *Dumartrait* handed the notes to the notary after banking hours. By the latter, that the notary was called upon by *Dumartrait*, as cashier of the bank, on the respective days of maturity, to protest the notes; that accordingly, on those days respectively, as his protest sets forth, upon said request and in virtue of the original note, of which copy is annexed, he went to the bank to demand of the maker its payment, where being and applying to the cashier, the cashier informed him that *Marsh* was not there, and had not, nor had any one for him, deposited in the bank, nor left in his hands, the money to pay the notes, whereupon he protested, &c.

The objections raised upon this showing are, that the notes were not actually presented to the cashier by the notary at the time of making the demand, and also, as already stated, that, at the time of the demand, the bank hour had passed. These objections are not tenable. The note being deposited in the bank for collection, the bank, as agent, was holder of the note. Where a note is made payable in bank, it is not necessary to make the demand elsewhere. The maker promises that he will make payment there. It is his duty to be at the bank within the usual bank hours, and when the note is held by the bank itself, no formal demand is necessary to be made during those hours. When they have passed, then it is time enough to deliver it for protest, as was done in this case. As the cashier himself handed the notes to the notary, for the purpose of protesting them, he knew they were in the notary's hands; and the omission of the notary to state in his protest that he exhibited the notes to the cashier, seems to us, under the circumstances, immaterial; for the object of presentment and exhibition of the note itself, is, that the maker may know that he is paying to a party entitled to receive, and that it be ready to be delivered up to him on payment. The present case, as to the question of presentment, is not distinguishable from the case of *Carneal* v. *Bank of the United States*, 2 Peter's, 549. See also 13 Pick. 469.

Our next inquiry is as to the notes upon which *Marsh* is sued as endorser. Here also the defence is set up, that there was not a due demand of payment. The facts as to the presentment of the endorsed notes are the same as stated respecting those of which the defendant was maker, and in law exhibit a demand and default sufficient to charge the endorser. In the case just cited *Carneal* was sued as endorser.

But it is said that the defendant was not duly notified of protest. The notices of the respective protests were put into the post office at St. Martinsville, one addressed to *Jonas Marsh*, New Iberia; the other to *Jonas Marsh*, parish of St. Martin. It appears from the testimony that *Marsh* lived from one and a half to two miles nearer to the New Iberia post office, than to that of St. Martinsville. The objection raised by counsel is, that the notices should have been addressed to New Iberia, in the parish of St. Martin. The objection is not applicable to one of the notices; as to the other, there is evidence in the record which counteracts the objection, if otherwise tenable. *Miller*, a party to all

·these notes, and whose testimony was received without objection, testifies that, after the protest of the notes, he received notices of protest, and that *Marsh* told him he also received the notices, and said it would be necessary to make arrangements to pay them. Authorities have been cited by the defendant to the effect that, to make a waiver obligatory upon the party making it, it is indispensible that it should be made with a full knowledge of all the facts; that is, with a full knowledge that there has been a want of due notice of the dishonor of the note. Such is undoubtedly the rule; but it is not apposite to the present case. The evidence goes, not to establish a waiver, but to prove that the defendant had received due notice. The declaration of the defendant that he had received notice, and that it would be necessary to make arrangements to pay the notes, unaccompanied by any complaint as to informality, may be taken .as an admission of his liability founded upon seasonable notice. There could be no ignorance on his part how and when the notice reached him; and a notice received through an irregular channel, if it reach the party as soon as he could have received it by the regular mode of transmission, is equally binding. Chitty, 504. Story, § 338. Under the admission of the defendant, coupled with the ·consideration that *Marsh* lived in the parish of St. Martin, and that the post offices of New Iberia and St. Martinsville were both in that parish, it is not un-reasonable to suppose that he may have got the letter at the St. Martinsville post .office as soon as it could have reached him through that of New Iberia, or that the letter, being addressed generally to the parish of St. Martin, may have been transmitted by mail to New Iberia. In the absence of the admission, no such presumptions would be permitted; but with it they are fair subjects of infer-· ence, for the unqualified acenowledgment of liability under a full knowledge .of the facts, is inconsistent with the idea that, under the facts so known to him, he was discharged. *Judgment affirmed.*